NATHANIEL JARVIS, Jr., Respondent, *v.* THE MANHATTAN BEACH COMPANY, Appellant.

*Finding of a jury, when conclusive — question of good faith — rights of a bona fide holder of an apparently genuine certificate of stock.*

When the question of fact, as to whether or not certain representations as to the validity of certain certificates of stock were actually made by the defendant. is submitted to a jury upon conflicting evidence their finding is conclusive.

The circumstances considered under which a party to an action was properly refused his request to go to the jury on the question of the good faith of a third person.

Where a certificate of stock shows apparently all the essentials of genuineness a *bona fide* holder thereof is entitled to recognition as a stockholder if a new certificate can be issued to him, or to indemnity if this cannot be done.

APPEAL by the defendant, The Manhattan Beach Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 20th day of January, 1893, upon the verdict of a jury for $3,410, after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 26th day of January, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*William J. Kelly*, for the appellant.

*Charles Steele*, for the respondent.

O'BRIEN, J.:

The facts appearing upon the former appeal and the decision of this court thereon will be found reported in 53 Hun, 362. So far as the same questions are here involved that decision is controlling. In accordance with the views expressed in the opinion, the question of fact as to whether or not the representations as to the validity of the certificate on which Fox & Co. relied were actually made by the defendant was submitted to the jury, and their finding in plaintiff's favor is conclusive.

But the appellant insists that there are some material differences between the testimony adduced at the last and upon this trial, which will be briefly noticed.

Upon both trials it appeared that one Fullerton was the clerk in the office of the defendant, to whom was assigned the duty, under the direction of the treasurer of the company, of attending to the transfers of stock. A member of the firm of Fox & Co. testified that he knew that Fullerton was a clerk, and that he had been introduced to him as an employee of the defendant. It also appeared that Fox & Co. guaranteed Begnell's signature without knowledge that it was genuine, and that such guaranty was pursuant to a rule of the Stock Exchange, without compliance with which it would not have been there negotiable, such signature afterwards appearing to have been that of a fictitious person. It further appeared that the firm of Fox & Co. had done considerable business with this clerk, and that he kept an account with them; also, that in addition to this, other certificates of the defendant had been from time to time by him given

to Fox & Co., and that in some instances that firm were accustomed to have those shares transferred in the name of a clerk in their employ, thereafter selling the same upon the Stock Exchange.

This evidence brings up the only new question in the case, which was presented by defendant's request to be allowed to go to the jury upon the question of the good faith of Fox & Co., to whose interests the plaintiff succeeded. The court refused this request upon the ground that there was not evidence enough to carry this question to the jury, to which refusal the defendant excepted.

In addition to the reason assigned by the judge in the court below, we think there is another ground upon which the ruling could be upheld. It was not claimed that these other transactions were in any way connected with the certificate here involved; nor was it claimed that this certificate was issued in the name of Fox & Co., or any of their employees, nor did they, as in the instances testified to, have it transferred. They presented it at the office of the registrar, the Central Trust Company, and to the defendant company itself, to ascertain whether it was genuine and valid and would be accepted for transfer, so that they would be safe in indorsing it for delivery on the Stock Exchange. It must be remembered that there was no evidence that Fox & Co. were in any way connected with the fraudulent transactions of Fullerton, their relation being simply that of brokers, who in selling the certificates for Fullerton received only their usual commission. So that against any slight inference to be drawn from the evidence to which we have adverted, there were on the other side these facts appearing, together with the additional one that it is hardly to be presumed that they would have guaranteed the certificate, and thus become liable for its genuineness, when they had no interests whatever in the proceeds of sale beyond their regular broker's commission. Or if they had been participators in the clerk's fraudulent acts it is hardly probable that they would have gone to the pains of making inquiries at the office of the trust company and the office of the defendant, which should have brought home notice to the defendant of the fraudulent character of the certificate.

It will thus be seen that against a very slight presumption of fraud or bad faith, there was a great preponderance in favor of the view that Fox & Co. acted with prudence, and followed in the

transactions their ordinary methods and course of business. There can be no question that had the certificate been presented for transfer, and a demand for a new one made, in view of the evidence showing what was done in similar instances, the holder would have obtained such new certificate, and that, as against a person holding such new certificate, the defendants, under the authorities of *Manhattan Beach Co.* v. *Harned* (27 Fed. Rep. 484) and the decision of this court upon the former appeal, would have been estopped.

Since those cases were decided, it has been held by the Court of Appeals in *Fifth Avenue Bank* v. *42d St. & Grand St. Ferry R. R. Co.* (137 N. Y. 231) that where a certificate of stock shows apparently all the essentials of genuineness, a *bona fide* holder thereof is entitled to recognition as a stockholder if a new certificate can be legally issued to him, or to indemnity if this cannot be done. That case, together with other cases decided by this court and one handed down herewith (*The Hanover National Bank* v. *The American Dock & Trust Co.**), fully discusses the legal principles that underlie the question of a company's liability upon forged certificates of shares of stock, which need not be here further elaborated. Upon the law determining the rights and liabilities of parties with respect to fraudulent certificates of stock, those cases are controlling in this court.

We have examined the exceptions taken to the rulings upon questions of evidence, but do not regard them of sufficient importance to require any special consideration, or to justify our interfering with the verdict of the jury.

We think, therefore, that the judgment should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs and disbursements.

---

* See *ante*, page 55.